**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| United States, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:10-cv-00338 |
| ) | GMN-RJJ |
| v. ) | |
| ) | **CONSENT ORDER** |
| Realty One Group, Inc., Mario Mascarinas, ) | |
| Victor C. During, and Remi B. During, ) | |
| ) | |
| Defendants. ) | |

---

### I.     Factual and Procedural Background

1.  The United States initiated Case No. 2:10-cv-00338 against Realty One Group, Mario
    Mascarinas, Victor C. During, and Remi B. During on March 11, 2010, on behalf of
    Mayte Miranda, pursuant to Section 812(o) of the Fair Housing Act, as amended, 42
    U.S.C. § 3612(o).  The Complaint alleges that Defendants discriminated against Ms.
    Miranda on the basis of familial status in connection with the rental of the Subject
    Property, in violation of § 3604(a) and (c).

2.  Ms. Miranda is the mother of four children, three of whom reside with her and are under
    the age of 18.

3.  At all times relevant to the allegations contained in the United States' Complaint,
    Defendant Mario Mascarinas, a real estate agent who worked for Defendant Realty One
    Group, contracted with Defendants Victor and Remi During, who own the Subject
    Property, for the exclusive brokerage rights for the Subject Property.

4.  The United States alleges that in or about early December 2008, Ms. Miranda called Mr.
    Mascarinas in response to a rental sign she had seen in front of the Subject Property.
    When Ms. Miranda explained to Mr. Mascarinas that she had three children who would

live with her and that she sought to adopt three additional children, it is alleged that he told her that the owner was hoping to rent to someone without children.

5.   The United States further alleges that Ms. Miranda completed a rental application for the Subject Property, which her real estate agent delivered to Mr. Mascarinas.  It is further alleged that Mr. Mascarinas told Ms. Miranda's real estate agent that he did not think the owners would rent to a family with so many children.

6.   On or about December 19, 2008, Mr. Mascarinas informed Ms. Miranda's real estate agent that the owners decided not to rent the Subject Property to Ms. Miranda.

7.   Defendants dispute the allegations.  Nevertheless, the parties desire to avoid costly and protracted litigation and agree that the claims against Defendants should be settled and resolved without the necessity of a trial.  The parties have agreed to the entry of this Consent Order, as indicated by the signatures below.

## II.    Definitions

8.   For purposes of this Consent Order, the following definitions shall apply:

   a.   "Defendants" shall mean Realty One Group, Inc., Mario Mascarinas, Victor C. During and Remi B. During, and their employees, agents, representatives, successors, and all persons acting in active concert or participation with them.

   b.   "Defendant Realty One Group" shall mean Realty One Group, Inc., and its employees, agents, representatives, successors, and all persons acting in active concert or participation with them.

   c.   "Dwelling" shall mean any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof.

   d.   "Familial Status" shall mean one or more individuals (who have not attained the age of 18 years) being domiciled with: a parent or another person having legal

custody of such individual or individuals; or the designee of such parent or other person having such custody, with the written permission of such parent or other person.

    e.  "Green Valley Office" shall mean the Realty One Group, Inc. office that is located at 9089 S. Pecos Road, Suite 3400, Henderson, NV 89074.

    f.   "Subject Property" shall mean the home at 1605 Western Lily Street, Las Vegas, NV 89128.

Therefore, it is **ORDERED, ADJUDGED, and DECREED** as follows:

### III.    General Injunction

9. Defendants, their employees, agents, successors, and all persons in active concert or participation with them are hereby enjoined, with respect to the sale or rental of dwellings, from:

    a.  Refusing to allow the sale or rental of, or to negotiate for the sale or rental of, or otherwise making unavailable or denying, a dwelling to any person because of familial status;

    b.  Making, printing, publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination.

### IV.    Nondiscrimination Policy and Procedures

10. Within thirty days of the entry of this Consent Order, Defendant Realty One Group shall:

    a.  Adopt and implement the non-discrimination policy regarding the rental or sale of any dwelling covered by the Fair Housing Act that is attached as Exhibit A.

    b.  Post and prominently display in a suitable public area in all their Nevada offices a sign no smaller than 10 by 14 inches indicating that Defendant Realty One Group complies with the nondiscrimination provisions of the Fair Housing Act.  A poster that comports with 24 C.F.R. Part 110 will satisfy this requirement.

11. Defendants Mario Mascarinas, Victor C. and Remi B. During, and Realty One Group with respect to business conducted by or for their Nevada offices shall:

    a. Within 30 days of the entry of this Consent Order,  include the words "Equal Housing Opportunity" or the fair housing logo in all advertising that they conduct in newspapers, telephone directories, internet advertisements or listings, radio or other media, and on all signs, pamphlets, brochures, and other promotional literature.  The words or logo shall be prominently placed and easily legible.

    b. Within 60 days of the entry of this Consent Order, include either of the following phrases in all their standard rental applications, using letters of equal or greater size to those of the text in the body of the document:

> We are an equal housing opportunity provider.  We do not discriminate on the basis of race, color, sex, national origin, religion, disability, or familial status (having children under 18).

OR

> Approval for residency is made without regard to race, color, religion, sex, national origin, age, handicap, or familial status (having children under 18).

    c. Within 60 days of the entry of this Consent Order, include the following phrase in all rental agreements to which they are a signatory, using letters of equal or greater size to those of the text in the body of the document:

> We are an equal housing opportunity provider.  We do not discriminate on the basis of race, color, sex, national origin, religion, disability, or familial status (having children under 18).

### V.   Mandatory Training

12. Defendant Realty One Group shall within 30 days of the entry of this Consent Order provide a copy of this Order and the Nondiscrimination Policy to all employees, agents or representatives in the Green Valley Office who are involved in showing for rental or sale, renting, selling, or managing a dwelling.  Within 30 days of the entry of this Consent Order, Defendant Realty One Group shall also secure a signed statement from each such employee, agent or representative that he or she has received and read the Order and the

Nondiscrimination Policy, has had the opportunity to have questions answered about the Order and the Nondiscrimination Policy, and agrees to abide by the relevant provisions of the order and said policies and procedures.  This statement shall be in the form of Appendix B.

13. During the term of this Consent Order, within five days after each new employee, agent or representative of Defendant Realty One Group's Green Valley office becomes involved in showing for rental or sale, renting, selling, or managing dwellings, Defendant Realty One Group will provide a copy of this Order and the Nondiscrimination Policy and Procedures to all such new employees, agents or representatives, and secure a signed statement from each employee, agent or representative acknowledging that he or she has received and read the Order, has had the opportunity to have questions about the Order answered, and that he or she has read the Nondiscrimination Policy and Procedures, and agrees to abide by them and the relevant provisions of this Order.  This statement shall be in the form of Appendix B.

14. Within 180 days from the date of entry of this Consent Order, Defendants Victor C. and Remi B. During and Mario Mascarinas shall undergo in-person training on the Fair Housing Act, with specific emphasis on discrimination on the basis of familial status. These trainings shall be conducted by an independent, qualified third party, approved in advance by the United States, and Defendants Victor C. and Remi B. During and Mario Mascarinas shall bear any expenses associated with his or her attendance at the training. Defendants Victor C. and Remi B. During and Mario Mascarinas shall submit to the United States, at least thirty days prior to the training, the name(s), address(es), telephone number(s), and curriculum vitae(s) of the trainer(s); copies of the training outlines, and

any materials to be distributed by the trainer(s).  Defendants Victor C. and Remi B. During and Mario Mascarinas shall obtain from the trainer certifications confirming their attendance in a form approved by the United States.  This confirmation shall include the name of the course, the date the course was taken, and the length of the course and/or the time within which the course was completed.

15. At least once within 180 days from the entry of the Consent Order and once every twelve months thereafter during the term of this Consent Order, Defendant Realty One Group shall provide in-person training on the Fair Housing Act, with specific emphasis on discrimination on the basis of familial status, for all employees, agents or representatives, who work in the Green Valley Office and are involved in showing for rental or sale, renting, selling, or managing dwellings.  Defendant Realty One Group will obtain the certification for attendees to receive continuing education credit for attending this training.  Defendant Realty One Group will provide at least 14 days notice to all employees, agents or representatives, who work in the Green Valley Office and are involved in showing for rental or sale, renting, selling, or managing dwellings, of the training dates and times, and will hold at least one training at the Green Valley Office. These trainings shall be conducted by an independent, qualified third party, approved in advance by the United States, and any expenses associated with this training shall be borne by Defendant Realty One Group.  Defendant Realty One Group shall submit to the United States, at least thirty days prior to the training, the name(s), address(es), telephone number(s), and curriculum vitae(s) of the trainer(s); copies of the training outlines, and any materials to be distributed by the trainer(s).  Defendant Realty One Group shall obtain from the trainer certifications of attendance, executed by each individual who

attended the training, confirming their attendance, in a form approved by the United

States.  This confirmation shall include the name of the course, the date the course was

taken, and the length of the course and/or the time within which the course was

completed.

16. The first training required by paragraph fifteen shall be mandatory for all employees,

agents or representatives, who work in the Green Valley Office and are involved in

showing for rental or sale, renting, selling, or managing dwellings.  Subsequent trainings

shall be mandatory for all such employees, agents, or representatives who did not

previously receive the training and shall be open to any employee, agent, or

representative who previously received the training.

## VI.   Compensation of Aggrieved Person

17. Defendants shall pay Mayte Miranda the aggregate sum of ten thousand five hundred

dollars ($10,500).  Defendants shall send checks made payable to Mayte Miranda to

counsel for the United States[1] within 15 days of the entry of this Order.   When counsel

for the United States has received checks totaling $10,500 from Defendants made

payable to Ms. Miranda and an executed written release, in the form of Appendix C, of

all claims, legal or equitable, that Ms. Miranda might have against the Defendants,

relating to the claims asserted in this lawsuit, counsel for United States shall deliver the

checks to Ms. Miranda and the signed release to counsel for Defendants.

## VII.   Record Keeping and Reporting

---

[1]  All documents or other communications required by this Order to be sent to counsel for the United States shall be sent by federal express or express mail to: Chief, Housing and Civil Enforcement Section, Civil Rights Division, DJ 175-46-130, United States Department of Justice, 1800 G Street, N.W., Seventh Floor, Washington, D.C. 20006, or as otherwise directed by the United States.

18. During the term of this Consent Order, Defendants shall retain all rental records maintained in the course of ordinary business – including, but not limited to, inquiry logs and applications from the date of the entry of this Consent Order.  Upon request and reasonable notice, Defendants shall produce or permit representatives of the United States to review any such records in the possession, custody, or control of Defendants, their employees, agents, or representatives.

19. Within 180 days of the entry of this Consent Order, Defendants shall provide to counsel for the United States documentation that Defendants are in compliance with this Order, including but not limited to copies of all signed acknowledgements pursuant to Section V of this Order.  Every six months thereafter, Defendant Realty One Group shall deliver to counsel for the United States a report with documentation of its compliance with Section V of this Order for employees, agents, or representatives in the Green Valley Office who, since the last report, became involved in showing for rental or sale, renting, selling, or managing dwellings.  Regardless of the timing of their previous report, Defendant Realty One Group shall submit to counsel for the United States a report thirty days prior to the termination of this Order.

20. During the term of this Consent Order, Defendants shall notify counsel for the United States in writing within fifteen (15) days of receipt of any written or oral complaint against Defendants or Defendants' employees, agents, or representatives regarding familial status discrimination in housing.  If the complaint is written, Defendants shall provide a copy of it with the notification.  The notification shall include the full details of the complaint, including the complainant's name, address, and telephone number. Defendants shall also promptly provide the United States all information it may request

concerning any such complaint and shall inform the United States within fifteen (15) days of any resolution of such complaint.

## VIII.    Scope and Duration of Consent Order

21. This Consent Order is effective immediately upon its entry by the Court and shall remain in effect for three (3) years.

22. The Court shall retain jurisdiction for the duration of this Order to enforce the terms of the Order, after which time the case, including all cross-claims by Victor C. and Remi B. During, shall be dismissed with prejudice.

23. All parties shall be responsible for their own attorney's fees and court costs, except as provided for in Section IX below.

## IX.    Remedies for Non-Compliance, Time for Performance, and Modification

24. The United States may move the Court to extend the period in which this Order is in effect if Defendants violate one or more terms of the Order or if the interests of justice otherwise require an extension of the terms of the Order.

25. Any time limits for performance imposed by this Order may be extended by mutual written agreement of the parties.

26. The parties to this Order shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution. However, in the event the United States contends that there has been a failure by any Defendant, whether willful or otherwise, to perform in a timely manner any act required by this Order or otherwise to comply with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance

of such act or deeming such act to have been performed, and an award of any damages,

costs, and attorney's fees which may have been occasioned by the Defendant's or

Defendants' violation or failure to perform.

**IT IS SO ORDERED** this 10th day of November, 2010.

_____

Gloria M. Navarro
United States District Judge

Agreed to by the parties as indicated by signatures of counsel below.

**FOR PLAINTIFF UNITED STATES**

|  |  |
|---|---|
| | _/s/ Jennifer L. Maranzano_ |
| DANIEL G. BOGDEN | STEVEN H. ROSENBAUM |
| United States Attorney | Chief |
| | R. TAMAR HAGLER |
| | Deputy Chief |
| | JENNIFER L. MARANZANO |
| BLAINE T. WELSH | Trial Attorney |
| Assistant United States Attorney | U.S. Department of Justice |
| Nevada Bar No. 4790 | Civil Rights Division |
| 333 Las Vegas Blvd. So., #555 | Housing and Civil Enforcement Section |
| Las Vegas, NV 89101 | 950 Pennsylvania Avenue, N.W. |
| | Northwestern Building, 7th Floor |
| | Washington, D.C. 20530 |
| | Phone:   (202) 305-0185 |
| | Fax:       (202) 514-1116 |
| | Email: jennifer.maranzano@usdoj.gov |

Dated: November 9, 2010


**FOR DEFENDANT REALTY ONE GROUP, INC. AND MARIO MASCARINAS**


 _/s/ Richard L. Tobler_
RICHARD L. TOBLER
Richard L. Tobler, Ltd.
3654 North Ranchero Drive, Suite 102
Las Vegas, NV 89130
Phone: (702) 256-6000
Fax: (702) 256-2248
rltld@hotmail.com


Dated: November 9, 2010

**FOR DEFENDANT VICTOR C. DURING AND REMI B. DURING**


 */s/ Easton K. Harris*
EASTON K. HARRIS
GREENBERG ✦ HARRIS
7674 W. Lake Mead Blvd., Suite 245
Las Vegas, NV 89128
Phone: (702) 796-5221
Fax:(702) 796-6278
easton@greenberglaw.lvcoxmail.com


Dated: November 9, 2010

# APPENDIX A

## NONDISCRIMINATION POLICY

It is the policy of Realty One Group, Inc. to comply with the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 et seq., by ensuring that dwellings are available to all persons without regard to familial status. "Familial status" means one or more individuals (who have not attained the age of 18 years) being domiciled with a parent or another person having legal custody of such individual or individuals, or the designee of such parent or other person having such custody, with the written permission of such parent or other person. This policy means that, among other things, Realty One Group, Inc., and all its employees, agents, and representatives must not discriminate in any aspect of the rental of dwellings against prospective renters because of familial status.  Such employees, agents, and representatives may not:

a. Refuse to allow the sale or rental after the making of a bona fide offer, or refuse to allow the negotiation for sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of familial status; or

b. Make, print, or publish, or cause to be made, printed or published any notice, statement, or advertisement, with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination;

Any agent or employee who fails to comply with this non-discrimination policy will be subject to appropriate disciplinary action, which may include termination. Any action taken by an agent or employee that results in the unequal service, treatment or behavior to residents on the basis of familial status may constitute a violation of state and federal fair housing laws.

**APPENDIX B**

**<u>EMPLOYEE ACKNOWLEDGMENT</u>**

 I acknowledge that on _____ _____, 20__, I received a copy of the Consent Order entered by the United States District Court for the District of Nevada in *United States v. Realty One Group, Inc., et al.*, Civil Action No. 2:10-cv-00338.  I have also received a copy of Realty One Group, Inc.'s Nondiscrimination Policy.  I have read and understand the Consent Order and the Nondiscrimination Policy, and have had my questions about these documents answered. I understand my legal responsibilities and shall comply with those responsibilities.

_____
Signature

_____
Print Name

_____
Job Title

_____
Date

# APPENDIX C

# **RELEASE**

I, Mayte Miranda, on behalf of myself and family members, agents, heirs, executors, administrators, successors and assigns, pursuant to the terms, provisions, and conditions of the Consent Order approved by the United States District Court for the District of Nevada in the case of *United States v. Realty One Group, Inc., et al.*, Civil Action No. 2:10-cv-00338 ("the lawsuit") and in consideration of the payment and other terms and conditions set forth in the Consent Order do fully, finally and forever release, discharge, and hold harmless Realty One Group, Inc., Mario Mascarinas, Victor C. During, and Remi B. During ("Defendants"), along with their attorneys, related companies, principals, predecessors, successors, assigns, affiliates, partners, directors, officers, agents, employers, shareholders, subsidiaries, employees, former employees, heirs, executors, and administrators and any persons acting under their respective direction or control (hereinafter "Releasees"), from any and all claims set forth, or which could have been set forth, in the Complaint in this lawsuit that I may have against Defendants or any of the Releasees for any of Defendants' actions or statements related to those claims through the date of this Consent Order, including claims for damages, costs, fines and attorneys' fees.

I affirm that the only consideration for signing this Release are the terms stated in the Consent Order signed by the parties. I have accepted the terms of this Release and the Consent Order because I believe them to be a fair and reasonable settlement and for no other reason. This Release and the Consent Order contain and constitute the entire understanding and agreement between the parties to this Release.

_____

Mayte Miranda

DATED: _____, 2010